UNITED STATES DISTRICT COURT                    SOUTHERN DISTRICT OF TEXAS
United States District Court
Southern District of Texas
**ENTERED**
September 15, 2017
David J. Bradley, Clerk

| | |
|---|---|
| Stephen W. Mabry, | § |
| Plaintiff, | § § § |
| versus | § |
| Petrohawk Energy Corporation, *et al.*, | § § § |
| Defendants. | § § |

Civil Action V-14-5

## Opinion on Partial Summary Judgment

1. *Introduction.*

   A technician whose job it was to monitor the mud-circulating equipment at a drilling rig stepped backward, slipped in the mud, and broke his arm. He sued the rig owner on a theory of premises liability. Because it does not own the premises and the mud was not a dangerous condition, the rig owner will prevail.

2. *Background.*

   In January 2012, Stephen W. Mabry worked for Stage 3 Separation, Inc., as a solids control technician in connection with drilling rigs. It was his job to monitor whether the mud-circulating equipment got the mud, cleaned it, and then pumped it to the well for reuse. The well operator was BHP Billiton Petroleum (TXLA Operating) Company – formerly known as Petrohawk Operating Company. It contracted with Stage 3 to control the solids on the drill site in DeWitt County, Texas. The drilling rig was owned and operated by Helmerich & Payne International Drilling Company. Its parent company is Helmerich & Payne, Inc. Petrohawk's company man, Raymond Latour, coordinated the contractors and generally oversaw the operation.

   On January 5, 2012, the contractors began to set up at the drill site. Helmerich & Payne used its rig 395 to spud the well. Stage 3 arranged its shale shakers and other parts for mud-circulating. Drilling started. Latour regularly

told the contractors of the drilling progress and schedule, gave basic safety instructions, and received status reports from the contractors. He protected the operator's interest.

For approximately five hours on January 15, the drill string was pulled. Helmerich & Payne stacked the pipe and changed the bottom-hole assembly. This work necessarily made things muddy. Helmerich & Payne's daily report said that the rig floor needed to be cleaned. As they drilled on January 16, Mabry gave Latour a Job Safety Analysis complaining that, for safety, some mud needed to be removed from the rig floor.

On January 17, Mabry fell while walking away from a positive-displacement pump of Stage 3. He broke his arm. He says that he lost his footing on the ground near his equipment, stepped backward into a "trench" and fell. He says that the spilled drilling mud hid the trench. Latour says that Mabry stepped into a 3-inch-deep depression while walking in the opposite direction of his established exit route. Mabry was not only familiar with this route, he chose it. Latour took a photograph of his against-traffic footprint and the accident site for an incident report. The accident site was not the drilling floor – it was about 50 feet away.

3. *Premises Liability.*

Mabry has alleged that Helmerich & Payne is liable on the theory of premises liability.[1] Because it neither owned nor operated the premises and the drilling mud did not pose an unreasonable risk, Helmerich & Payne is not liable.

A. *Ownership.*

Helmerich & Payne owned the rig. It did not own the well site. Petrohawk – not it – was the operator. Mabry worked for Stage 3, an independent contractor.

---

[1] *Henkel v. Norman*, 441 S.W.3d 249 (Tex. 2014).

(B) *Unreasonable risk.*

The mud, whether drilling or ordinary, was not a dangerous condition that posed an unreasonable risk of harm. Mabry's job was to work with and in the mud. After ten days of drilling, he knew the site and the mud. He reported mud on the drilling floor but neither reported nor "cleaned" the mud in his work area. The mere presence of mud is insufficient to establish a dangerous condition – mud could always be found near Stage 3's equipment. Helmerich & Payne's later use of mats and gravel does not mean that the mud was a dangerous condition, and in any event cannot be used to establish a defect.[2]

4. *Conclusion.*

Stephen W. Mabry will take nothing from Helmerich & Payne International Drilling Company and Helmerich & Payne, Inc.

Signed on September 15, 2017, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[2] Fed. R. Evid. 407.